IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No.  18-CR-0855 |
| JORGE ZAMORA-QUEZADA ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S OPPOSED MOTION TO STRIKE; MOTION TO CONTINUE; AND MOTION TO CERTIFY CASE AS COMPLEX**

The United States of America, by and through undersigned counsel, hereby submits motions as follows:

**I.   Motion to Strike Late-Filed Motions**

1. On May 15, 2018, the Court entered a scheduling order setting pre-trial deadlines including "Motion Filing due by 5/29/18," and set any responses "due by 6/18/18." *See* ECF 13.

2. A month later, and thirteen days after the court-ordered deadline, the defendant filed five separate motions seeking to dismiss the indictment, obtain a bill of particulars, release seized funds, and to suppress evidence. *See* ECF 49-53. None of the motions include any reason or explanation for this delay, nor did the defendant seek leave to file the motions after the deadline.

3. The Government moves to strike each of these motions as untimely.

**II.   Motion to Continue Final Pretrial Conference**

4. In addition to filing five substantive motions after the motion deadline, the Defendant has not produced any reciprocal discovery (despite representing that there is reciprocal discovery to produce), nor has the Defendant disclosed the experts he intends to use at trial (despite representing to the court that he has retained experts in this case). For these reasons, the

Government respectfully requests a continuance of the pretrial conference, currently scheduled for July 2, 2018.  The defendant's delay in filing several substantive motions, producing reciprocal discovery, and disclosing experts unjustly hinders the Government's ability to prepare for trial.  Therefore, a continuance serves the ends of justice.

5.  ***Defendant has not produced reciprocal discovery, despite his representation that there is reciprocal discovery to produce.***  On May 28, 2018, the Government filed notice of its request for reciprocal discovery.  *See* ECF 38.  On multiple occasions, counsel for the defendant has informed the Government that he has reciprocal discovery to produce, including voluminous patient files that have not been previously disclosed to the Government, and which the Defendant intends to use at trial.  However, to date the defendant has not produced a single page of discovery.  Nor has the defendant explained the delay in producing reciprocal discovery.

6.  ***Defendant has not identified his experts or provided a written summary of their testimony.***  Also on May 28, 2018, the Government filed notice of its request for the defendant to produce a written summary of any testimony that the defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence.  *See* ECF 38.  The Government has complied with its obligations under Rule 16 and has provided the defendant with its expert disclosures.  The Defendant, however, has not provided any expert disclosures, despite having represented to the Government and the Court that he has retained "experts" in this case.  *See* ECF 48 (Motion for Relief for Special Conditions of Visitation Pending Trial).

7.  All of these facts, the late filing of motions, failure to produce reciprocal discovery, and failure to make expert disclosures, makes the current final pretrial setting of July 2, 2018 impractical.  The ends of justice will be served by a continuance of that setting, and outweigh the

best interest of the public and the defendant in the current final pretrial setting.  18 U.S.C. § 3161(h)(7)(A).

### III. Motion to Certify Case as Complex

8. As defense counsel has acknowledged, this is a large and complex case.  At Defendant's detention hearing before the Hon. Peter Ormsby, held on May 15, 2018, J.A. Canales stated, "[I] had a discussion with opposing counsel that I think we're going to have an agreement that this can be certified as a complex case . . . I'm just informing the Court now." Det. Hearing Tr. 4:21-5:3.

9. Title 18, United States Code, Section 3161(h)(7)(B)(ii) permits the court to grant exceptions from the default rules of the Speedy Trial Act where a case is especially "unusual" or "complex."  The Government files this motion to certify the above referenced case as complex pursuant to Section 3161(h)(7)(B)(ii) because the ends of justice are best served by doing so.

10. In support of this motion, the Government affirms that the prosecution of the instant case is complex.  Count One of the indictment charges a long-running health care fraud conspiracy that will require, among other things, the examination of Medicare's technical rules and requirements, Medicare claims data, the standard of care relating to rheumatology, and facts relating to the submission of numerous fraudulent health care claims.  Count Seven of the indictment charges a complex domestic and international money laundering conspiracy that will require presentation of evidence relating to numerous transfers of money among several bank accounts and corporate entities held by the defendant.

11. Additionally, the Government affirms that the prosecution of the instant case involves unusually voluminous evidence.  Count One and Count Seven each allege conspiracies spanning nearly 18 years from 2000 to the date of the defendant's arrest.  The health care fraud

conspiracy includes extensive and voluminous Medicare claims data, thousands of medical records including both records of visits, testing and examination results (in some instances, with patient records both from the defendant and other doctors who treated the patients after they were treated by the defendant). The money laundering conspiracy evidence includes voluminous financial records of the complex transactions the defendant used to conceal the proceeds of his fraud involving numerous bank accounts and corporate entities, all of which occurred in multiple states and in Mexico.

12. At present, the Government anticipates calling approximately 40 to 50 different witnesses in its case-in-chief. This includes testimony from approximately seven practicing rheumatologists (from across Texas) whose testimony will involve discussion of complicated medical issues and financial experts who will testify about the defendant's financial transactions. The Government anticipates that it will take approximately three weeks to present its case-in-chief at trial. The length will vary depending on how the case develops at trial and the extent of cross-examination each witness faces from the defense. The defense case, if any, will be in addition to this time.

13. As previously noted in the Government's motion for detention hearing, the investigation of the defendant remains ongoing. In just the past few weeks, the Government has developed significant evidence relating to other crimes of the defendant. Based on this new evidence, a superseding indictment is likely. Accordingly, continuance of a briefing schedule for the defendant's June 15 motions, as well as postponing the July 2, 2018 pre-trial conference, will allow for the most efficient use of judicial resources—both in avoiding duplication and keeping consolidated related cases and charges.

14. The defendant's detention does not alter the fact that this is a complex case which requires more time for adequate preparation. *See e.g.*, *United States v. Stanford*, 367 Fed. Appx. 507 (5th Cir. 2010) (decision affirming detention in case where defendant in mail and wire fraud and money laundering scheme detained from indictment on June 18, 2009 to trial in January 2012) *United States v. Philip Esformes*, 16 CR 20549 (S.D. Fla.) (defendant charged in health care fraud and money laundering conspiracies detained on August 4, 2016 to the present awaiting trial currently scheduled for October 2018); *United States v. Pon*, 2014 WL 3340584 (M.D. Fla. May 29, 2014) (affirming detention decision for defendant charged with health care fraud detained after indictment between April 2014 indictment and September 2015 trial).

**IV.   Conclusion**

15. For the reasons set forth above, the Government respectfully requests that the Court strike Defendant's late-filed motions, Grant its motion to continue the final pretrial conference set for July 2, 2018, and certify this case as complex.

SANDRA L. MOSER
ACTING CHIEF, FRAUD SECTION

Joseph S. Beemsterboer
Deputy Chief, Health Care Fraud Unit

/s Kevin Lowell
Trial Attorney
United States Department of Justice
Criminal Division Fraud Section
1400 New York Avenue, N.W.
Washington D.C. 20005

RYAN K. PATRICK
UNTIED STATES ATTORNEY

/s Andrew R. Swartz
Assistant United States Attorney
U.S. Attorney's Office, SDTX
1701 W. Highway 83, #600
McAllen, TX 78501

CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on June 19, 2018, at 8:32 AM, I emailed lead counsel of record, J.A. Tony Canales, and asked if he opposed the Government's motions. By early afternoon, Mr. Canales requested copies of the motions to review, but did not state whether such motions would be opposed or unopposed. Since counsel declined to state his position on the motions, the Government is filing them as opposed.

/s Andrew R. Swartz
Assistant United States Attorney
U.S. Attorney's Office, SDTX
1701 W. Highway 83, #600
McAllen, TX 78501

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and provided an electronic copy to the defendant's counsel of record.

/s Andrew R. Swartz
Assistant United States Attorney
U.S. Attorney's Office, SDTX
1701 W. Highway 83, #600
McAllen, TX 78501