IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 7:18-cr-00855 |
| | § | |
| JORGE ZAMORA-QUEZADA | § | |

## MOTION FOR BILL OF PARTICULARS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, JORGE ZAMORA-QUEZADA, in the above styled and numbered cause, and files this Motion for Bill of Particulars, and would respectfully show the Court as follows:

### I. CHARGES

The Indictment was filed on May 9, 2018. On August 14, 2018, the Government filed the Superseding Indictment. The Indictment alleges the Defendant participated in a health care fraud scheme concerning $240 million in Medicare, among others, reimbursement claims over a time span of nearly two decades.

Count 1 alleges a conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. The Superseding Indictment alleges a time span "[f]rom in or about 2000 and continuing though in or about 2018…" for violations of 18 U.S.C. §1347. The claims allege that Defendant along with co-conspirators would:

1. Falsely diagnose vulnerable patients, including the young, elderly, and disabled, from the Rio Grande Valley, San Antonio, and elsewhere, with diseases such as rheumatoid arthritis and other auto-immune diseases. These patients included, but were not limited to: A.M., J.P., F.H., E.E., M.G., P.T., I.G., M.C., M.L., M.B., A.D.J., I.M., E.G., C.H.,

    E.G., M.N., B.M., J.F. and J.H.;

2. Administer infusions and/or injections containing chemotherapy and other toxic medications to patients, including patients who had been falsely diagnosed with various diseases, including rheumatoid arthritis;

3. Conduct a battery of fraudulent, repetitive, and excessive medical procedures

4. Direct staff to increase the number of patient office visits and the number of medical procedures;

5. Dismiss patients from his medical practices if they questioned him about his fraudulent diagnoses and medical procedures;

6. Conceal patient records from other rheumatologists and other physicians, including multiple rheumatologists in Texas;

7. Conceal thousands of patient medical records form Medicare;

8. Falsify patient records in order to create the false appearance that certain procedures were medically necessary and that certain procedures had been performed;

9. Obstruct investigations by causing the creation of false and fictitious records;

10. Submit false and fraudulent claims for services that did not comply with the heath care benefit programs' requirements for reimbursement.

  Counts 2-9 allege Defendant falsely diagnosed eight (8) individuals - as substantive violations of 18 U.S.C. §§ 1347 and 2.

  Count 10 alleges a money laundering scheme in violation of 18 U.S.C. § 1956(h).

  Count 11 alleges a conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k). Count 11 states that the Defendant would manufacture false and fictitious records and other documents; conceal the records; and cause false records to be provided to the Grand Jury.

Despite the breadth and complexity of these charges – all of which hinge on reimbursement claims for services that allegedly were unnecessary, not covered, never provided, or otherwise tainted, there is only minimal reference to specific reimbursement claims which form the basis of the charges spanning eighteen years and with a claimed amount of $240 million.  There is minimal reference to specific reimbursement claims; minimal references to specific beneficiaries; and no reference to specific dates when services were provided or when the reimbursement claims or claim forms were created, submitted, approved, or paid.

## II. BILLS OF PARTICULAR - GENERALLY

Rule 7(f) grants courts wide discretion to order a bill of particular even where an indictment meets the minimum requirements set out in Rule(c) and guaranteed by the 5th and 6th Amendments to the United States Constitution. "[A] Bill of particulars has for its purpose in informing a defendant of the nature of the charges against him so that he will have sufficient detail to prepare for his defense, to avoid or minimize the danger of surprise at trial, and to enable him to plead double jeopardy in the event of a subsequent prosecution of the same offense." *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976).

Courts have held that a bill of particulars may be appropriate when the indictment fails to specify documents and transactions that the Government contends are fraudulent, and, with regard to health care fraud, several courts have found that defendants should be provided information identifying the medical claims that were fraudulent. *United States v. Davis*, 2014 WL 6679199 (S.D. Texas – Houston Div., November 25, 2014); *United States v. Drivas*, No. 10 CR-771 (NG), 2012 WL 3011023, at *3 (E.D.N.Y. July 19, 2012); *see, e.g., United States v. Vasquez-Ruiz*, 136 F.Supp. 2d 941, 943 (N.D.Ill. 2001) (holding that the defendant was entitled to know the identify of the alleged patient victims, record claimed to have false entries, and any allegedly fraudulent

bills to insurers as the "defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations").

The Supreme Court in *Hamling v. United States*, declared, "Undoubtedly the language of the statue may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Charge in an indictment is valid only when it "fully, directly, and expressly, without any uncertainty, or ambiguity," sets forth the charged offense. *United States v. Ramon*, 666 F.2d 469, 474 (11th Cir. 1982) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974). The basic principle governing a bill of particulars is to identify with sufficient particularity the nature of the charge pending against him to prepare a defense and to prevent surprise at trial. *See United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986).

### III. BILLS OF PARTICULAR - NEED

The Defendant is presumed innocent because of his plea of not guilty, it cannot be assumed that he knows the particulars sought and he can only be considered "ignorant of the facts on which the pleader founds his charges." *Fontana v. United States*, 262 F. 283, 286 (8th Cir. 1919). The Indictment spans from 2000 to 2018; almost two decades of claims. It never specifically alleges when the Defendant committed any particular acts. Moreover the indictment does not state what specific acts occurred during this extended period. Without providing information about what specific acts were committed by the Defendant, it is impossible for the defense to prepare for trial given the vast time-period charged and the broad allegations made in the Indictment. The need for a bill of particulars in this case is clear – without knowing the specific violations of the statute, Defendant will be prejudiced at trial. If the Government – which seized all of the Defendant's

records, alleges that a violation of the health care statute occurred, it should be required to allege its reasons and extent now rather than be allowed to ambush Defendant at trial.

Furthermore, without knowing the specific reimbursement claims forming the basis of the charges made or some other theory: (1) Defendant cannot adequately prepare for trial – counsel must comb through $240 million and eighteen years' worth of reimbursement claims related to numerous services and thousands of patients in hopes of identifying relevant claims; 2) Defendant likely will be prejudicially surprised at trial – the Government could simply shift the focus to new reimbursement claims each time Defendant proves a claim was not fraudulent or the result of any wrongdoing; and 3) Defendant may be subject to double jeopardy in the future – the Government could refrain from pursuing unspecified claims at trial, regardless of whether they formed the basis of the Indictment, and later use them as the basis for future charges if this prosecution is unsuccessful.

## IV. BILL OF PARTICULARS REQUESTED

Defendant respectfully requests the following particulars:

1. The specific acts, and in respect to which of the 25 listed patients, that Dr. Zamora allegedly committed or conspired to commit in furtherance of the health-care fraud conspiracy alleged in Count 1;

2. What was the total benefits received from the participation in the venture;

3. The characteristics of the facts, including acts and dates, that violate 18 U.S.C. §§ 1347 and 2, if any;

4. The names of the beneficiaries whose claims were tainted by any alleged violation of 18 U.S.C. §§ 1347; and

5. The documents or records alleged to be fictitious or false;

6. In relation to each record that the government contends was false and fictitious as alleged in Count 11, whether each record was allegedly fabricated completely or just altered or otherwise how it is false and fictitious, and what specific acts Dr. Zamora allegedly committed or conspired to commit to make each record false and fictitious and/or to cause said records to be provided to a grand jury.

7. The specific transactions that Dr. Zamora made or conspired to make that would constitute money-laundering as alleged in Count 10, and whether those transactions allegedly constituted concealment under 18 U.S.C. § 1956(a)(1)(B)(i), Mexican transactions under § 1956(a)(2)(B)(i), or transactions over $10,000 under § 1957.

## V. Prayer

WHEREFORE, premises considered, Defendant respectfully requests that this Honorable Court order the production of a Bill of Particulars in this case.

Respectfully submitted,

**LAW OFFICE OF BENIGNO (TREY) MARTINEZ, PLLC**

1201 East Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

By: /s/ Tomas F. Tijerina
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
E-mail: tomas@mbymlaw.com
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbymlaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I, Tomas Tijerina, certify that on the 13th day of August 2019, I attempted to consult with Assistant U.S. Attorney Adrienne Frazior regarding this motion and she is opposed.

/s/ Tomas F. Tijerina
TOMAS F. TIJERINA

**CERTIFICATE OF SERVICE**

On the 13th day of August 2019, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

/s/ Tomas F. Tijerina
Tomas F. Tijerina