UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal Case No. 18-CR-0855 |
| JORGE ZAMORA-QUEZADA, ) | |
| MEISY ANGELICA ZAMORA, ) | |
| ESTELLA SANTOS NATERA, and ) | |
| FELIX RAMOS, ) | |
| ) | |
| Defendants. ) | |

### GOVERNMENT'S OBJECTIONS TO DEFENSE EXHIBITS

The United States, by and through the undersigned counsel, and pursuant to Criminal Local Rule 55.1 and 55.2, respectfully submits its objections to the authenticity and admissibility of certain exhibits on Defendants Jorge Zamora-Quezada, Meisy Angelica Zamora, Estella Santos Natera, and Felix Ramos' exhibit list.[1] The basis for these objections is as follows:

### Objections to Exhibits 93–233 and 270

Defense exhibits 93–233 and 270 are 142 articles and textbooks on the subject of rheumatology.[2] The Government objects to the admissibility of these exhibits because they are irrelevant, not excepted from the rule against hearsay, confuse the issues, will mislead the jury, and will waste valuable Court time.

---

[1] Defendants' exhibits are voluminous and the Government respectfully requests that the Court review the objected to exhibits when the parties provide exhibit binders to the Court. The Government provided notice to Defendants on November 16, 2019, of its objections to authenticity of certain Defendants' exhibits.

[2] Some of these exhibits have not been provided to the Government as more fully described below.

First, many of the articles are irrelevant as they deal with instances of rheumatoid arthritis in scenarios that are wholly different from the facts of this case. *See* Fed. R. Evid. 403. For example, articles on smoking (defense exhibits 135, 136, 137, 139, 140–45, 147–49, 153, 154, 189), contraceptives (defense exhibits 195, 200, 202), and the populations of South Africa (defense exhibit 183), Taiwan (defense exhibit 185), and Sweden (defense exhibit 214) have no tendency to make a fact of consequence more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. It should also be noted that the Government's case centers on the provable fact that many patients treated by Defendant Zamora-Quezada did not, in fact, have rheumatoid arthritis. Whether or not there are higher instances of rheumatoid arthritis in certain populations is irrelevant.

Second, each article and textbook is inadmissible hearsay. Federal Rule of Evidence 803(18) provides a limited exception to the rule against hearsay for *statements* in learned treatises, periodicals, or pamphlets where an expert relies on the statements and the publication can be established as reliable. *See* Fed. R. Evid. 803(18) (emphasis added). Before a statement may be read into evidence, (1) it must be "called to the attention of an expert witness on cross-examination or relied on by the expert in direct examination," and (2) the publication must be "established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." *Id.* Importantly, Federal Rule of Evidence 803(18) provides that even if these two criteria are met, "the statement may be read into evidence *but not received as an exhibit*." *Id.* (emphasis added).

Of the 142 treatises on the exhibit list, Defendants have not indicated which statements among these articles and textbooks they intend to offer. Even if they had, they would be unable to establish the publications as reliable authorities through the testimony of their own expert as

they have not noticed any of the treatises as the basis for the opinions of their expert, Bruce Freundlich.  *See* Fed. R. Crim. P. 16(b)(1)(C) (The summary of an expert's expected testimony "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.").

Furthermore, taking judicial notice of the articles and textbooks would require Defendants to lay a proper foundation including at least some evidence of the expertise and qualifications of the author.  *See Spears v. United States*, 5:13-CV-47-DAE, 2014 WL 3513203, at *5 (W.D. Tex. July 14, 2014).  "Learned treatises are considered trustworthy because they are written primarily for professionals and are subject to scrutiny and exposure for inaccuracy, with the reputation of the writer at stake." *Id.* (quoting *Schneider v. Revici*, 817 F.2d 987, 991 (2d Cir. 1987))  (internal quotations omitted).  "Failure, therefore, to lay a foundation as to the authoritative nature of a treatise requires its exclusion from evidence because the court has no basis on which to view it as trustworthy." *Id.*

Because no expert has relied on the articles or textbooks in forming his or her opinion and Defendants cannot satisfy a foundation of reliability for the Court to take judicial notice, the articles and textbooks do not fit into the narrow exception to hearsay for learned treatises.  The exhibits are therefore inadmissible.

Third, even if the Court were to find that these articles and textbooks are relevant and excepted from the rule against hearsay, the articles and textbooks are still inadmissible because they confuse the issues and will mislead the jury.  Relevant evidence is properly excluded where the probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.  The sheer volume and multitude of topics encompassed by the 142 articles and

textbooks demonstrate that the true intent of offering these exhibits is to confuse the issues, mislead the jury, and waste precious Court time. They should be excluded.

### Objections to Defense Exhibits 245-56 and 263

Defense exhibits 245–56 and 263 purport to be Human Resources files and other documents from Defendant Zamora-Quezada's medical practice, Arthritis and Osteoporosis Center. The Government objects to the authenticity of these exhibits because no business records affidavit has been provided and no records custodian designated. The Government also objects to the admissibility of these exhibits as no exception to hearsay applies to these documents. *See* Fed. R. Evid 803(6). Should Defendants provide a sufficient custodian of records to authenticate and except these records from the rule against hearsay, the Government will withdraw this objection. *See id.*

### Objections to Defense Exhibits 46, 50, 69, 75, and 76

Defense exhibits 46, 50, 69, 75, and 76 purport to be medical records for certain patients from various providers. The Government objects to the authenticity of these exhibits because no business records affidavit has been provided and no records custodian designated. Should Defendants provide a sufficient business records affidavit or testimony from a custodian of records to authenticate these exhibits, the Government will withdraw this objection.

### Objections to Defense Exhibits 9, 15, 18, 19, 24, 29, 53, 54, 65, 79, 84, 86, 89, and 92

Defense exhibits 9, 15, 18, 19, 24, 29, 53, 54, 65, 79, 84, 86, 89, 92 purport to be ultrasounds and x-rays for certain patients. The Government objects to the authenticity of these exhibits because no business records affidavit has been provided and no records custodian designated. Should Defendants provide a sufficient business records affidavit or testimony from a custodian of records to authenticate these exhibits, the Government will withdraw this objection.

### Objections to Defense Exhibits 257–62 and 268–69

Defense exhibits 257–62 and 268–69 are eight advertisements for different medications, some of which are used to treat rheumatoid arthritis as well as a variety of other conditions. These exhibits are irrelevant to the issue of whether Defendant Zamora-Quezada falsely diagnosed patients with rheumatoid arthritis and agreed with others to defraud Medicare, Medicaid, TRICARE, and Blue Cross Blue Shield. Additionally, these advertisements are hearsay to which no exception applies. *See* Fed. R. Evid. 801. Further, no business records affidavit has been provided to demonstrate their authenticity. These exhibits are inadmissible.

### Objections to Defense Exhibit 271

Defense exhibit 271 is a divorce decree involving Defendant Meisy Zamora dated March 23, 1998. The exhibit is irrelevant to any issue alleged in the Superseding Indictment. Accordingly, the Government objects to the admissibility of this exhibit pursuant to Federal Rule of Evidence 401.

### Objections to Exhibits Not Provided to the Government

Defense exhibits 93–108, 110, 112, 113, 117–19, 121–123, 125, 126, 129–97, 199–204, 206, 209–10, 212, 215, 229, and 272–82 were not provided to the Government by Defendants. Accordingly, objections to authenticity and admissibility—if any—cannot be lodged at this time. The Government respectfully requests that the Court allow it to object to these exhibits once they are provided to the Government.

Dated: November 18, 2019

Respectfully submitted,

ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

RYAN K. PATRICK
UNITED STATES ATTORNEY

s/ Adrienne E. Frazior
ADRIENNE E. FRAZIOR
Assistant Chief
REBECCA YUAN
EMILY GURSKIS
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242

s/ Cynthia Villanueva
CYNTHIA VILLANUEVA
Assistant United States Attorney
U.S. Attorney's Office, Southern District of Texas
1701 W. Highway 83, #600
McAllen, Texas 78501

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and/or provided an electronic copy to the Defendants' counsel of record.

s/ Adrienne E. Frazior
ADRIENNE E. FRAZIOR
Assistant Chief
United States Department of Justice
Criminal Division, Fraud Section