UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-CR-00855 |
| JORGE ZAMORA-QUEZADA, and | ) |
| MEISY ANGELICA ZAMORA, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S TRIAL BRIEF REGARDING ITS INTENT TO OFFER NON-HEARSAY EMPLOYEE STATEMENTS AGAINST DEFENDANTS JORGE ZAMORA-QUEZADA AND MEISY ZAMORA PURSUANT TO FED. R. EVID. 801(d)(2)(D)**

The United States of America, by and through undersigned counsel, hereby files this brief regarding its intent to offer out-of-court, non-hearsay statements made by employees of Defendants Jorge Zamora-Quezada and Meisy Zamora ("Defendants"). This testimony is squarely admissible pursuant to Federal Rule of Evidence 801(d)(2)(D), which provides that a statement is "not hearsay" when it "is offered against an opposing party and . . . made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Indeed, such statements are routinely admitted in the Fifth Circuit and other circuits.

**I.   INTRODUCTION**

At trial, the Government intends to introduce certain out-of-court statements made by the Defendants' employees as substantive evidence against Defendants. These statements were made by non-testifying medical professionals, nurses, and other office staff who were employed by and worked for Defendants, and concern the scope of their employment activity. For example, witnesses will testify that other employees working for Defendants expressed concern that Defendants directed them to misdiagnose patients, submit false claims, and/or fabricate patient

files in response to audits.  The Government intends to offer the statements of these non-testifying employees through the testimony of other employees to whom such statements were made.  As described more fully below, the Government will establish the requisite foundation and preliminary facts to admit these statements pursuant to the hearsay exclusion provided by Federal Rule of Evidence 801(d)(2)(D).

## II.  THE STATEMENTS MADE BY DEFENDANTS' EMPLOYEES ARE ADMISSIBLE AGAINST DEFENDANTS

Under Federal Rule of Evidence 801(d)(2)(D), a statement "is not hearsay" when "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).  A statement is admissible under Rule 801(d)(2)(D) when the proponent of the statement shows: (1) that the declarant was the opponent's employee; (2) that the statement concerns a matter within the scope of the employment; and (3) that the statement was made during the employment relationship.  *See United States v. Saks*, 964 F.2d 1514, 1524 (5th Cir. 1992) (noting that Rule 801's "agency exclusion is equally rooted in our jurisprudence" as other hearsay exceptions); *see also Corley v. Burger King Corp.*, 56 F.3d 709, 710 (5th Cir. 1995).

When determining whether the non-testifying declarant had an agency relationship with a defendant for the purposes of Rule 801(d)(2)(D), the Fifth Circuit has advised that courts "should not be hyper-technical."  *Saks*, 964 F.2d at 1524.  Not surprisingly, the agency relationship frequently underpinning the admission of a statement under Rule 801(d)(2)(D) is based on employment, often between an employee-declarant and superior-defendant.  *See United States v. Sudeen*, 434 F.3d 384, 390 (5th Cir. 2005) (holding that out-of-court statements by the defendant's associates or employees regarding the defendant's high yield investment program were properly admitted against the defendant under Rule 801(d)(2)(D)); *United States v. Yi*, 460 F.3d 623, 634

2

(5th Cir. 2006) (holding that an ICE Agent's testimony regarding out-of-court statements made by an employee, in which the employee indicated that the goods at issue were not of regular merchantable quality, "fall squarely within Rule 801(d)(2)(D) and are admissible non-hearsay" against the defendant business owner in a counterfeit goods trafficking case); *United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 322 (4th Cir. 1982) (holding that a secretary was an agent of her boss and that the secretary's statement about what her boss \said was admissible under 801(d)(2)(D)); *see also Corley,* 56 F.3d at 710 (finding that a Burger King manager was an agent of the Burger King Corporation for Rule 801(d)(2)(D) purposes); *Davis v. Mobil Oil Expl. & Prod., S.E., Inc.*, 864 F.2d 1171, 1174 (5th Cir. 1989) (affirming the admission of an out-of-court statement by an unidentified individual, where there were indications that the declarant—although unidentified—was an employee of the defendant as he was wearing a hard hat bearing its name). Thus, for purposes of admission under Rule 801(d)(2)(D), a statement made by an employee is admissible against the principal.

After agency is established, Rule 801(d)(2)(D) requires only that the statement concern a matter within the scope of the agency or employment while that relationship existed. *See Saks*, 964 F.2d at 1524; *Corley,* 56 F.3d at 710 (citing *Nekolny v. Painter*, 653 F.2d 1164, 1171 (7th Cir. 1981)). These requirements do not impose a high bar. Indeed, the Rule 801(d)(2)(D) hearsay "exclusion applies whenever an employee makes a statement about a matter within the scope of her employment." *Unites States v. Poulin*, 461 Fed. App'x 272, 281–82 (4th Cir. 2012) (internal quotation omitted). The relevant inquiry "is not whether the employee was carrying out the employer's wishes or whether the employee's statement was authorized." *Id.* "Rather, the court must determine whether the subject matter and circumstances of the out-of-court statement demonstrate that it was a matter within the scope of employment." *Id.* Accordingly, in *Poulin*, a

health care fraud case against a doctor who owned a hematology/oncology practice, the Fourth Circuit held that out-of-court statements made by nurses and medical assistants to the doctor and other employees about refusing to alter patient files at the direction of the doctor "concerned a matter within the scope of the employment relationship" because the duties of these employees "included maintaining the contexts of these files" and were thus admitted properly under Rule 801(d)(2)(D). *Id*; *see also United States v. Lauersen*, 348 F.3d 329, 340 (2d Cir. 2003) (determining that a nurse's statement, which was admitted through the testimony of a patient, that patient files were destroyed concerned a matter within the scope of the nurse's employment relationship because nurses in the defendant's office "were responsible for helping maintain patient files"); *United States v. Riley*, 621 F.3d 312, 337–38 (3d Cir. 2010) (holding that "a statement of illegal activity can still be within the scope of employment and can be admissible under 801(d)(2)(D)").

For example, in a recent health care fraud trial in this district, the Government sought to admit testimony by a testifying witness regarding what "members of the marketing team" told the witness about "who was responsible for the marketing plan." S*ee United States v. Mesquias*, Case No. B-18-CR-8 (Hon. Rolando Olvera) (Oct. 23, 2019 Tr. at 185:17–187:15) (attached hereto as Exhibit A). The defendant objected that the response would be "hearsay." *Id*. at 186:7–23. The Government noted that "under 801(d)(2)(d), it was made by the Defendant's employee about a matter in the scope of the employment relationship so it falls squarely within that hearsay exception." *Id*. Judge Olvera properly overruled the objection. *Id*. at 187:15. As Judge Olvera explained later to defense counsel at a sidebar, "Gentlemen, the Court will be consistent about allowing hearsay exceptions as to employees. . . . [I]f the nurse or a doctor is speaking outside the scope of their employment[,] . . . obviously that would be a different issue." *Id*. at 314:4–20.

4

Here, the statements the Government will seek to admit against Defendants fall squarely within Rule 801(d)(2)(D), and the Government will establish at trial all of the preliminary facts necessary for their admission. First, the statements were made by employees who worked for Defendants. These employees were therefore agents of Defendants under Rule 801(d)(2)(D). Second, the statements concern matters within the scope of these employees' employment relationship with Defendants, such as the medical diagnosis, treatment, billing, and audit responses that those employees carried out on behalf of Defendants. Finally, all of these statements were made during the existence of the employees' agency relationship with Defendants, as they were made at the time when these employees were employed by Defendants.

### III.     CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court overrule any hearsay objection to non-hearsay employee statements squarely admissible pursuant to Federal Rule of Evidence 801(d)(2)(D).

Respectfully submitted,

ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

*/s/ Emily M. Gurskis*
JACOB FOSTER
Assistant Chief
REBECCA R. YUAN
EMILY M. GURSKIS
Trial Attorneys
Fraud Section, Criminal Division
Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20530
Jacob.Foster@usdoj.gov

RYAN K. PATRICK
UNITED STATES ATTORNEY

*/s/ Cynthia Villanueva*
CYNTHIA VILLANUEVA
Assistant United States Attorney
U.S. Attorney's Office
Southern District of Texas
1701 W. Highway 83, #600
McAllen, Texas 78501

## Certificate of Service

I certify that on December 25, 2019, I filed via the Electronic Court Filing (ECF) system the foregoing document and that a copy was served on all counsel of record who have consented to receive service through ECF.

*/s/ Emily M. Gurskis*
Trial Attorney
Fraud Section, Criminal Division
Department of Justice