IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | 18 CR 855-1 |
| | ) | |
| JORGE ZAMORA-QUEZADA | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S TRIAL BRIEF**

Defendant JORGE ZAMORA-QUEZADA hereby responds to the government's trial brief (Docket #557) regarding unspecified statements by non-testifying former employees of defendant that the government seeks to elicit from other witnesses.

I.

At 10:28 p.m. on Christmas Eve, December 24, 2019, after three weeks of trial, the Government notified Defendants Jorge Zamora-Quezada and Meisy Zamora of its intent to elicit testimony from unknown witnesses relating to unknown statements made by unknown individuals allegedly employed by Jorge Zamora-Quezada and Meisy Zamora in the form of a trial brief relating to Fed. R. Evid. 801(d)(2)(D). The Government has not disclosed who will testify to these matters; it has not disclosed who made the alleged statements; it has not disclosed the substance of these statements.

II.

Under Rule 801(d)(2)(D), employees' statements that are recounted by testifying witnesses may be admissible when the employees' statements were made within the scope of their employment. However, employees' statements are not admissible under Rule 801(d)(2)(D) when the statements concerned matters outside the scope of the employees' employment. *See Ramirez v. Gonzales*, 225 Fed. Appx. 203, 210 (5th Cir. 2007) (holding that a secretary's account of another

1

employee's complaint about a plaintiff was not admissible under Rule 801(d)(2)(D) because the secretary was not involved in the decision to terminate the plaintiff). *See also Vazquez v. Lopez-Rosario*, 134 F.3d 28, 34 (1st Cir. 1998) (holding that conversations described as "hallway gossip" were properly excluded as hearsay because "unattributed statements repeated by party-opponents cannot be admissible"); J. Weinstein, 4 Evidence 801-164 (1981) ("Gossip does not become reliable merely because it is heard in an office rather than a home.").

Additionally, former employees or agents' statements are not admissible under Rule 801(d)(2)(D) when the statements were made after termination of the employment/agency relationship. *See Bouygues Telecom, S.A. v. Tekelec*, 473 F. Supp. 2d 692, 695 (E.D.N.C. 2007) (former employee's statements were not considered non-hearsay statements of party opponent under Fed. R. Evid. Rule 801(d) due to termination of employment/agency and authority); *see also Burns v. Republic Sav. Bank,* 25 F. Supp. 2d 809, 820 (N.D. Ohio 1998) (former member of the board's statements were not admissible as the admission of a party opponent under Fed. R. Evid. 801(d)(2) because the speaker made them while she was not a member of the board).

Moreover, even if a non-testifying employee's statements may be admissible under Rule 801(d)(2)(D), the statements are still subject to Rules 401 and 403 and may be too vague or unreliable to be admissible. For example, the government appears to intend to ask a witness who stopped working for defendant in 2005 about something the witness heard from a biller shortly before he stopped working for defendant. When interviewed in 2005, the witness did not remember the name of this biller and apparently provided no details about (a) the circumstances surrounding the conversation that the witness had with the biller or (b) the circumstances surrounding the alleged conversation in which the biller allegedly received instructions from defendant Zamora and co-defendant Meisy Zamora. When interviewed in 2018, this witness

apparently referred to multiple billers receiving such instructions, apparently without identifying any additional billers. Such hearsay lacks sufficient foundation or reliability to be admissible under Rule 403.

Finally, if the government does intend to elicit statements of non-testifying employees via other witnesses, it should be ordered to produce *Giglio* information regarding such non-testifying employees. *See United States v. Jackson*, 345 F.3d 59, 71 (2d Cir. 2003) ("It is thus clear that Brady and its progeny may require disclosure of exculpatory and/or impeachment materials whether those materials concern a testifying witness or a hearsay declarant"); *United States v. Rodriguez*, 482 Fed. Appx. 231, 236 (9th Cir. 2012) ("There is persuasive authority for the proposition that Brady and related obligations extend to non-testifying witnesses"); *United States v. Alcazar-Barajas*, No. 5:13-cr-00726-EJD-1, 2017 U.S. Dist. LEXIS 19523 (N.D. Cal. Feb. 10, 2017) (noting that other courts "have held that Brady/Giglio applies to testifying and non-testifying witnesses"). The government should not be allowed to use Rule 801(d)(2)(D) to get around its *Giglio* obligations.

        Respectfully submitted,

        **LAW OFFICE OF BENIGNO (TREY) MARTINEZ, PLLC**

        1201 East Van Buren
        Brownsville, Texas 78520
        Tel: 956-550-4868
        Fax: 956-621-0135

        By: /s/ Benigno (Trey) Martinez
        BENIGNO (TREY) MARTINEZ
        State Bar No. 00797011
        Federal ID No. 23945
        E-mail: trey@mbymlaw.com
        TOMAS F. TIJERINA
        State Bar No. 24070746
        Federal ID No. 1062166
        E-mail: tomas@mbymlaw.com

Benesch, Friedlander, Coplan & Asonoff, LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: 361-624-6361

By: /s/ Stephen Chahn Lee
STEPEHEN CHAHN LEE
State Bar No. 6331822
Federal ID No. 4002697
E-mail: slee@beneschlaw.com

**ATTORNEYS FOR DEFENDANT**
**JORGE ZAMORA-QUEZADA**

### CERTIFICATE OF SERVICE

On the 25th day of December 2019, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

/s/ Benigno (Trey) Martinez
Benigno (Trey) Martinez