UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 7:18-CR-0855-1 |
| | § | |
| JORGE ZAMORA-QUEZADA | § | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND MOTION TO STAY FORFEITURE PROCEEDINGS PENDING FINAL DISPOSITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JORGE ZAMORA-QUEZADA, Defendant, by and through his undersigned counsel, and hereby objects to the United States' Motion for a Preliminary Order of Forfeiture for the below reasons. Defendant further respectfully moves this honorable Court to Stay all matters pertaining to the forfeiture of assets pending final disposition.

First and foremost, there has been no finding, by a preponderance of the evidence or otherwise, as to an amount of funds that were derived, directly or indirectly, from gross proceeds obtained as a result of the conspiracy to commit health care fraud as to the conspiracy charge. Accordingly, the request is premature. Any decisions on forfeiture should be deferred until the Court determines a loss amount based on reliable evidence.

The Defendant, contrary to the Government's assertion, has repeatedly raised concerns regarding tracing along with numerous other issues. As this Court is aware, the Defendant has filed numerous motions requesting funds be released; information be provided; bill of particulars regarding patient losses; information regarding the basis of the losses; objections to the presentence investigation report; and several motions regarding the sentencing and forfeiture. Accordingly, Defendant respectfully requests this Court take judicial notice of the filings in this case as well as the previous arguments of counsel related to the same and incorporates them by reference herein.

1

Defendant opposes the Government's request as there are other circumstances relevant to the determination as to the forfeitable property, including, but not limited to, 1) Meisy Zamora's interest in the property at issue; 2) Attorney fee payments that may be derived from the property; 3) Adequate amounts of the losses; 4) Constitutional protections of the Defendant; and 5) Other equitable causes to prevent the forfeiture.

The requested forfeiture is not proportional to the traceable fraudulent funds under 18 U.S.C. §982(a)(7) and this Court may be required to hold additional hearings to decide whether it is reasonable, in light of the circumstances, to forfeit the requested property.

The funds and/or property have been traced to Dr. Zamora's practice but have not been shown to be the proceeds of illegal activity. The Government cannot obtain the balance of bank accounts just because the proceeds of alleged unlawful activity may have once passed through the account. *See* U.S. v. $448,342.85, 969 F.2d 474 (7th Cir. 1992). The Government is entitled only to the proceeds of illegal activity.

The entire matter should be stayed pending final deposition. Moreover, the criminal forfeiture are monetary punishments subject to the Eight Amendment's Excessive Fines Clause. *See Alexander v. U.S.,* 509 U.S. 554 (1993). Whether a forfeiture is "grossly disproportionate" and thus violates the Eight Amendment is a fact-sensitive inquiry that depends on a number of factors. *U.S. v. Alexander*, 32 F.3d 1231, 1236, R.I.C.O. Bus. Disp. Guide (CCH) P 8594 (8th Cir. 1994). These factors include but are not limited to the following: the seriousness of the offense; tan assessment of the personal benefit reaped by the particular defendant; the defendant's motive and culpability; and "the extent the defendant's interest and the enterprise itself are tainted by criminal conduct." *Id*.

The Government contends that providing the Defendant with a list of 1,485 patient names, without more, is enough information for the Defendant to ascertain the level of the alleged fraud

and resulting losses. This list is woefully deficient, particularly as the government has failed to provide any information as to how these patients have been confirmed to have been falsely diagnosed, as would be essential for these patients to be considered to be connected to fraudulent activity. Overall, the Government misstates the law and they misrepresent the evidence presented in the trial.

The Government cites to *United States v. Sanders*, 2020 WL 986822 (5th Cir. Mar. 2, 2020), in support of their contentions. *Sanders*, however, is not in line with this case and adds no support to the Government's position. In Sanders, the evidence presented substantiated a claim of 90% of the funds were derived from fraudulent activity and that no jury could believe that the company could have existed absent the fraud. In fact, "the evidence suggested that each claim was fraudulent in at least one and often multiple ways." *Id*. This was not the case with Dr. Zamora-Quezada's clinic. The Government has not provided any facts with an evidentiary basis and sufficient reliability to warrant a factual finding of pervasive fraud, let alone a percentage of fraudulent activity. Contrary to the Government's assertions, there was no "sampling" conducted that would be a reliable basis for a "pervasive fraud" determination. The Government, in fact, has conceded that, at the most, they have ascertained 1,485 potential patients that were involved in the alleged fraudulent conduct. The number, however, is likewise unreliable as one such patient was presented to the jury as a substantive count, which the jury found to have been outside of the fraudulent conduct.

Moreover, the Government's position of "pervasive fraud" is inconsistent with the data that was shown at trial and with the position that it appears to be taking in terms of loss calculation. As the Court saw during trial, many Medicare patients were never treated for rheumatoid arthritis, and Dr. Zamora was paid less on a per-patient basis for patients with rheumatoid arthritis than one other doctor whom the government planned to call as a witness but ultimately decided not to call.

The loss calculation in the PSR is fundamentally flawed for reasons stated in Dr. Zamora-Quezada's Opposition to the PSR, but even that does not assume that every payment constitutes loss, as the Government does here.

The Government's contention of a "more likely than not" allegation of pervasive fraud, grossly overestimates the already bare evidence presented to this Court. The Government has failed to prove that it is, more likely than not, that the funds remaining in the property are traceable to healthcare fraud. *See United States v. Ayika*, 837 F.3d 460 (5th Cir. 2016).

Accordingly, as previously stated, the Government's lack of a thorough investigation should not provide the Government with the means to excessively punish the Defendant, but instead, should ensure that the Government does not benefit from the lack of evidence and should be held to its proper burden.

WHEREFORE, the Court is respectfully urged to deny the requested forfeiture and grant the Defendant all relief, both legal and equitable, to which he may show himself to be entitled.

    Respectfully submitted,

    **MBMT LAW FIRM**
    1201 East Van Buren
    Brownsville, Texas 78520
    Tel:  956-550-4868
    Fax:  956-621-0135

    By: /s/ Tomas F. Tijerina
    TOMAS F. TIJERINA
    State Bar No. 24070746
    Federal ID No. 1062166
    E-mail: tomas@mbymlaw.com
    BENIGNO (TREY) MARTINEZ
    State Bar No.  00797011
    Federal ID No. 23945
    E-mail: trey@mbymlaw.com

    **Benesch, Friedlander, Coplan & Asonoff, LLP**
    71 S. Wacker Drive, Suite 1600

>Chicago, IL 60606
>Tel: 361-624-6361
>
>By: /s/ Stephen Chahn Lee
>STEPEHEN CHAHN LEE
>State Bar No. 6331822
>Federal ID No. 4002697
>E-mail: slee@beneschlaw.com
>**COUNSEL FOR DEFENDANT**
>**JORGE ZAMORA-QUEZADA**

### CERTIFICATE OF CONSULTATION

Pursuant to S.D. Tex. Cr. LR 12.2, counsel Jorge Zamora-Quezada attempted to confer with Assistant United States Attorney Adrienne Frazior and as of the time of this filing of this Motion counsel for Defendant was unsuccessful in communicating with her.

>/s/ Tomas F. Tijerina
>Tomas F. Tijerina

### CERTIFICATE OF SERVICE

On March 18, 2020, this motion was served on all counsel of record via ECF.

>/s/ Tomas F. Tijerina
>Tomas F. Tijerina

5