UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  7:18-CR-0855-S (1) |
| | ) | |
| JORGE ZAMORA-QUEZADA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OPPOSED MOTION FOR MONEY JUDGMENT

The United States of America moves for imposition of a money judgment against Defendant Jorge Zamora Quezada in the amount of $99,893,470.

## PROCEDURAL BACKGROUND

Defendant Jorge Zamora Quezada was convicted by a jury of the health care fraud conspiracy alleged in Count 1 of the Superseding Indictment, as well as engaging in a scheme to defraud health care benefit programs as alleged in Counts 2-4 and 6-9.

In the Superseding Indictment, the United States provided notice to the Defendant that pursuant to 18 U.S.C. § 982(a)(7), in the event of conviction, the United States would seek to forfeit all property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of health care fraud offenses.  The United States also provided notice that it would seek a money judgment against the Defendant.

## ARGUMENT AND AUTHORITIES

The United States requests that the Court determine the amount of the personal money judgment to be imposed against the Defendant based on the trial evidence and additional information, including that presented in the Pre-Sentence Report ("PSR") and Addendum.  The United States seeks a money judgment in the amount of $99,893,470.

1.  <u>The Court Must Determine the Money Judgment Amount by a Preponderance</u>

As with restitution, forfeiture is a mandatory element of sentencing imposed following conviction. *United States v. Sanjar,* 876 F.3d 725, 751 (5th Cir. 2017) ("Restitution is remedial in nature; its goal is to make the victim whole. Forfeiture is punitive; it seeks to disgorge any profits or property an offender obtains from illicit activity.").  The Fifth Circuit Court of Appeals has endorsed the imposition of personal money judgments.  *United States v. Olguin,* 643 F.3d 384, 397 (5th Cir. 2011) ("We join our sister circuits and hold that money judgments are appropriate in the criminal forfeiture context," quoting *United States v. Day*, 524 F.3d 1361, 1378 (D.C. Cir. 2008)).

The Court must determine the amount of a money judgment upon request.  FED.R.CRIM.P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.").  Because the Defendant was the doctor who owned and operated the clinics, this is a straightforward case in that all of the health care fraud proceeds received by the clinics are attributed to the defendant.  *See Honeycutt v. United States,* 137 S.Ct. 1626, 1635 (2017) (holding that in a proceeds case, forfeiture is limited to property the defendant himself acquired as the result of the crime).  Although a restitution "loss" amount can be less than a defendant's gross proceeds "gain" amount, in this motion the government will treat the amounts as similar.

The standard for forfeiture determinations is preponderance of the evidence.[1]  *United States v. Gasanova,* 332 F.3d 297, 300-01 (5th Cir. 2003).  Here, this Court presided over the jury trial and heard the trial evidence; the Court has the benefit of reviewing the PSR; and the parties have the opportunity to submit additional evidence.

---

[1] Because forfeiture is a part of the sentencing process, the district court may consider any information which bears sufficient indicia of reliability to support its probable accuracy, including hearsay evidence. *United States v. Solis,* 299 F.3d 420, 455 (5th Cir. 2002); FED.R.CRIM.P. 32.2(b)(1)(B).

2.  <u>Determining the Money Judgment Amount</u>

Defendant Jorge Zamora Quezada engaged in pervasive fraud in his clinics over many years, and the evidence shows that the fraud extended to all of the patients' insurers (including billing for repeated batteries of medically unnecessary tests on patients, no matter how they were insured).  At trial, however, the evidence of the amount paid focused on just four sources of payment:  Medicare, Medicaid, Tricare, and Blue Cross Blue Shield.  The total amount paid by just those four sources is $99,893,470, as shown at trial and in the table in paragraph 122 of the PSR (*see also* GX A19, B1C, B1D, B1E, B1F, B3, B4A, B4B).  Based on misdiagnosis alone (although as shown at trial, the fraud included much more than misdiagnosis), the PSR estimated the four insurers' "loss" at between $54,941,408.50 and $99,893,470.00 for misdiagnosed patients.  PSR at ¶ 124.

As noted in the PSR (¶¶ 119-122; Addendum at p. 2A), the figures given for "paid" amounts do not include (1) the amount of the Defendant's gain from fraudulent billing to other insurers, such as Humana and Allegiant; (2) the amount of gain from cash-paying patients; or (3) the amount of the Defendant's gain from the Medicare and Blue Cross Blue Shield amounts paid prior to 2006.  The PSR figures thus <u>understate</u> the gross amount of proceeds received by the Defendant over the period of the conspiracy and scheme to defraud, which occurred between the years 2000 and 2018.[2]

---

[2] This motion for money judgment is separate from the government's pending motion for the forfeiture of specific property (Doc. 702).  When a defendant's specific property is forfeited by a final order of forfeiture, the net proceeds are credited against the money judgment.  For example, if the money judgment amount were $99 million, and the net proceeds of forfeited real property were $12 million, then the defendant would have a remaining money judgment balance of $87 million.  It is common that a defendant obtains more gross proceeds from his crime than he has left by the time of sentencing, as defendants typically spend fraud proceeds on business expenses, living expenses, children's education, vacations, luxury vehicles and other items that lose value.

The United States submits that it has proven by a preponderance of the evidence that the Defendant received at least $99,893,470 in gross proceeds from his conspiracy and scheme to defraud health care providers.

## CONCLUSION

The United States moves the Court to impose a money judgment against Defendant Jorge Zamora Quezada in the amount of $99,893,470 as part of his sentence in this case.  A proposed order is attached for the Court's consideration.

Respectfully submitted,

ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

*/s/ Adrienne E. Frazior*
ADRIENNE E.  FRAZIOR
Assistant Chief, Health Care Fraud Unit
REBECCA YUAN
EMILY GURSKIS
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005

RYAN K. PATRICK
UNITED STATES ATTORNEY

*/s/ Kristine E. Rollinson*
KRISTINE E. ROLLINSON
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002

CYNTHIA VILLANUEVA
U.S. Attorney's Office
1701 W. Highway 83, #600
McAllen, Texas 78501

Assistant United States Attorneys

4

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on April 28, 2020, I spoke with Trey Martinez, counsel for J. Zamora-Quezada, to ask whether his client was opposed to the money judgment.  Defendant is opposed to the relief sought by this motion.

*/s/ Kristine E. Rollinson*
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing service on all attorneys of record.

*/s/ Kristine E. Rollinson*
Assistant United States Attorney