**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 7:18-CR-0855-1 |
| | § | |
| JORGE ZAMORA-QUEZADA | § | |

**OPPOSED MOTION TO REQUEST GOVERNMENT CLAIMS DATA TO PREPARE FOR SENTENCING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JORGE ZAMORA-QUEZADA, Defendant, by and through his undersigned counsel, and files this opposed motion requesting that the Court order the government to provide claims data that is in the government's possession and that constitutes *Brady* information regarding sentencing.

As the Court is aware, the government has argued that the Court should assume that every claim that Dr. Zamora-Quezada submitted regarding 13,773 patients who was ever diagnosed with rheumatoid arthritis is fraudulent, including 12,171 patients who were covered by Medicare, Medicaid and/or TRICARE.  *See* Docket #750.  The government has not provided medical records or testimony for more than 99 percent of these patients but is relying primarily on an analysis of the claims data that was used at trial.

Dr. Zamora-Quezada's position is that the government has not provided sufficient evidence for the Court to find that all 13,773 patients were fraudulently diagnosed.  Even so, the Court indicated at the May 18, 2022 hearing that Dr. Zamora-Quezada had the burden to disprove that

1

the patients were fraudulently diagnosed. To meet this burden, Dr. Zamora-Quezada is requesting additional claims data to address multiple flaws in the government's analysis.[1]

First, the data that was used at trial was limited in temporal scope to the time period covered by the indictment (largely 2006 to early 2018). The government's data analysis thus failed to account for any diagnoses that occurred after Dr. Zamora-Quezada was arrested in this case. Many of Dr. Zamora's patients went to other doctors afterwards, and the claims data from 2018 onwards would show how other doctors treated them. The government could have easily done this analysis but has chosen not to, presumably because the government knows that many patients were in fact treated for rheumatoid arthritis by other physicians.

Second, the government's analysis ignored data for another rheumatologist who also saw many patients in the Rio Grande valley. The government relied on that other physician in indicting the case, but later learned that the physician had provided them with false information. As the government is aware, that doctor falsely told the government that a specific patient cited in the indictment did not have rheumatoid arthritis, even though his own patient files revealed that he had also diagnosed the patient with rheumatoid arthritis on multiple occasions. The government's analysis should have taken that doctor's data into account and excluded many patients accordingly.

Third, the government's analysis did not account for patients who saw other rheumatologists who did not happen to be government witnesses in the trial. As the trial showed, one patient who was specifically named in the indictment had seen another rheumatologist outside the Rio Grande Valley, and that other rheumatologist had diagnosed the patient with rheumatoid arthritis.

---

[1] Dr. Zamora-Quezada may also consider additional steps, such as statistical sampling, which the government typically does in civil cases but has not done here.

<u>Fourth</u>, the government's analysis just compared Medicare claims data of Dr. Zamora-Quezada against the Medicare claims data for the seven testifying physicians, and did not involve a similar comparison for Medicaid, TRICARE, or Blue Cross data, all of which is data that is in the government's possession. Similar analysis of data for Medicaid, Tricare, and Blue Cross will undoubtedly show that many of Dr. Zamora-Quezada's patients have been treated by other doctors for rheumatoid arthritis.

Accordingly, Dr. Zamora-Quezada requests that the Court order the government to produce in Excel format claims data from Medicare, Medicaid and TRICARE for the 12,171 patients identified in Exhibit 2 (Medicare), Exhibit 3 (Medicaid), and Exhibit 4 (TRICARE) to Docket 750. Dr. Zamora-Quezada is not requesting all claims for these patients, but claims that (a) were for all patients listed in Exhibits 2, 3 and 4 to Docket 750, (b) were for dates of services in the time period 2006 to the present, (c) were with all providers whom those patients have ever seen (not just those who testified at trial), (d) were for all types of services and items, including those covered by Medicare Part A or D, and (e) used in any diagnosis field a diagnosis code corresponding to rheumatoid arthritis.

All this data is in the government's possession as Medicare, Medicaid and TRICARE are government programs that the government has obtained data from earlier in this case. All this data also constitutes *Brady* material since it would show that many of the patients identified in Exhibits 2, 3 and 4 have been treated by other doctors for rheumatoid arthritis, which would be inconsistent with the government's position that Dr. Zamora-Quezada fraudulently diagnosed those patients with rheumatoid arthritis.[2]

---

[2] As an alternative, Dr. Zamora-Quezada's counsel is preparing subpoenas under Rule 17(c) for Medicare, Medicaid, TRICARE, and Blue Cross. Defense counsel asked the government on June 8 and again on July 6 for contact information for the government programs, but the government has not yet responded, despite the government being able to access this information with ease in the course of its investigations and the prosecution of this case.

3

Once the government provides this data, Dr. Zamora-Quezada's defense team can analyze the data and efficiently identify patients who should be excluded from any loss calculation.

If the government does not provide this information in a timely manner, Dr. Zamora-Quezada's counsel will be unable to adequately respond to the issues raised at the May 18 hearing by August 25 and may request additional time and resources to prepare for the sentencing.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Tex. Cr. LR 12.2, counsel for Dr. Zamora-Quezada conferred with counsel for the government. The government opposes this motion.

## PRAYER

Defendant, Jorge Zamora-Quezada, hereby respectfully requests that his Motion to Request Government Claims Data to Prepare For Sentencing be granted.

Respectfully submitted,

**MARTINEZ/TIJERINA, PLLC**

1201 East Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

By: /s/ Benigno (Trey) Martinez
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
E-mail: ttijerina@mbmtlawfirm.com

**LAW OFFICE OF STEPHEN CHAHN LEE, LLC**
209 S. LaSalle St, Suite 950
Chicago, IL, 60604
Tel: 312-436-1790

By: /s/ Stephen Chahn Lee

STEPHEN CHAHN LEE

State Bar No. 6331822
Federal ID No. 4002697
E-mail: slee@stephenleelaw.com

**COUNSEL FOR DEFENDANT
JORGE ZAMORA-QUEZADA**

### CERTIFICATE OF SERVICE

On July 7, 2022, this motion was served on all counsel of record via ECF.

/s/Benigno (Trey) Martinez
BENIGNO (TREY) MARTINEZ