UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 18-CR-0855 |
| | ) |
| JORGE ZAMORA-QUEZADA, | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION TO SET FORFEITURE HEARING AND SENTENCING HEARING**

The parties agree that this case is ready to proceed to sentencing. The parties jointly move the Court to set a Forfeiture Hearing on December 9 or 10, 2024, and a Sentencing Hearing on a day during the weeks of January 22–24 or January 27–30, 2025.

**Forfeiture Hearing**

The Court must determine both the forfeiture of specific property and the amount of a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."). First, the Court would determine which specific property constitutes or is traceable to the gross proceeds of the health care fraud conspiracy, then issue a Preliminary Order of Forfeiture for such property. Second, the Court would determine the dollar amount of gross proceeds that the Defendant received from the conspiracy and scheme to defraud, and that amount would be stated in an Order Imposing Money Judgment.

The Court's forfeiture determination "may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by

the parties and accepted by the court as relevant and reliable." *See id.* at 32.2(b)(1)(B). The standard for forfeiture determinations is a preponderance of the evidence. "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." *See id.* The rules contemplate that forfeiture normally be determined prior to sentencing: "*Unless doing so is impractical,* the court must enter the preliminary order [of forfeiture] sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant . . . ." *See id.* at 32.2(b)(2)(B) (emphasis supplied).

Here, the Government filed a Motion for Preliminary Order of Forfeiture and supporting affidavit on February 26, 2020 (Docket No. 702), seeking forfeiture of seized funds, a Maserati, an aircraft, and 16 pieces of real property (now just 15, as the property at 425 Soledad was released). Defendant responded on March 18, 2020 (Docket No. 715), and the Government replied on April 29, 2020 (Docket No. 717). The Government filed a Motion for Money Judgment of $99,893,470 on April 29, 2020 (Docket No. 718). Defendant responded on May 15, 2020 (Docket No. 721).

Defendant Zamora-Quezada now requests a hearing on forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1)(B), and the Government does not oppose this request. At the hearing, Defendant Zamora-Quezada intends to present argument regarding forfeiture based on the evidence that both sides have already presented. Defendant may also present additional documentary evidence about specific properties. Any potential third-party interests in preliminarily forfeited property are handled later, in an ancillary proceeding which can occur after sentencing. Neither party intends to call any witnesses at the forfeiture hearing. The parties are available on the following days for the forfeiture hearing:

2

- December 9, 2024
- December 10, 2024

The parties request that the Court issue a Preliminary Order of Forfeiture prior to the sentencing hearing. The Government recognizes, though, that it may be "impractical" for the Court to issue an Order Imposing Money Judgment prior to determining the loss amount at sentencing, in which case the rules permit forfeiture to be determined at the time of sentencing. *See* Fed. R. Crim. P. 32.2(b)(2)(B).

### **Sentencing Hearing**

The parties agree that the case is ready to proceed to sentencing. The Government has submitted the following briefs in support of sentencing in this case:

- Response in Opposition to Defendant's Objections to the Presentence Report (Docket No. 714) – March 18, 2020
- Memorandum in Aid of Sentencing (Docket No. 740) – November 10, 2020
- Reply to Defendant's Brief Regarding Loss (Docket No. 747) – December 4, 2020
- Supplemental Sentencing Memorandum (Docket No. 750) – June 25, 2021
- Notice of Supplemental Authority in Support of its Sentencing Memorandum (Docket No. 756) – May 11, 2022
- Response to Defendant's "Memo Opposing the Government's Loss Calculation" and Expert Report (Docket No. 815) – September 5, 2024

The Defendant has submitted the following briefs in support of sentencing in this case:

- Objections to Presentence Investigation Report (Docket No. 706) – March 4, 2020
- Supplement to Objections to Presentence Investigation (Docket No. 716) – March 23, 2020
- Brief Regarding Loss Amount for Sentencing (Docket No. 741) – November 24, 2020
- Supplemental Brief Regarding Sentencing Guidelines (Docket No. 751) – August 9, 2021
- Defendant's Memo Opposing the Government's Loss Calculation (Docket No. 810) – July 3, 2024

The parties are available on the following days for the sentencing hearing and respectfully request that the Court set sentencing for one of these days:

3

- January 22, 2025
- January 23, 2025
- January 24, 2025
- January 27, 2025
- January 28, 2025
- January 29, 2025
- January 30, 2025

## Conclusion

The parties jointly move the Court to set a Forfeiture Hearing on December 9 or 10, 2024, and a Sentencing Hearing a day during the weeks of January 22–24 or January 27–30, 2025.

Respectfully submitted,

GLENN S. LEON
CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

*s/ Rebecca Yuan*
JACOB FOSTER
Principal Deputy Assistant Chief
REBECCA YUAN
EMILY GURSKIS
Assistant Chiefs
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

*s/ Laura Garcia*
LAURA GARCIA
Assistant United States Attorney
U.S. Attorney's Office
Southern District of Texas
1701 W. Highway 83, Suite 600
McAllen, Texas 78501

MARTINEZ/TIJERINA, PLLC
1201 East Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

*s/ Benigno (Trey) Martinez*
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
E-mail: ttijerina@mbmtlawfirm.com

Law Office of Stephen Chahn Lee, LLC
209 S. La Salle, Ste. 950
Chicago, IL 60604
Tel: 312-436-1790

*s/ Stephen Chahn Lee*
STEPHEN CHAHN LEE
State Bar No. 6331822
Federal ID No. 4002697
E-mail: slee@stephenleelaw.com

COUNSEL FOR DEFENDANT
JORGE ZAMORA-QUEZADA

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing service on all attorneys of record.

*s/ Rebecca Yuan*
REBECCA YUAN
Assistant Chief
U.S. Department of Justice
Criminal Division, Fraud Section

5