United States District Court
Southern District of Texas
FILED
AUG 25 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

McALLEN DIVISION

**UNITED STATES OF AMERICA**
Plaintiff/Respondent,

v.

CRIM NO. 7:**18-CR-00855**
CIVIL NO. **7:26-CV-00302**

**JORGE ZAMORA-QUEZADA**
Defendant/Movant.

**DEFENDANT/MOVANT JORGE ZAMORA-QUEZADA'S EXPEDITED RESPONSE IN OPPOSITION TO UNITED STATES' OPPOSED EMERGENCY MOTION FOR ORDER REGARDING COOPERATION WITH PENDING SALE AND REQUEST FOR REASONABLE OPPORTUNITY FOR MEXICAN COUNSEL TO COMPLETE REVIEW**

TO THE HONORABLE RANDY CRANE, UNITED STATES DISTRICT JUDGE:

Defendant/Movant Jorge Zamora-Quezada, proceeding pro se, respectfully submits this expedited response to the United States' Opposed Emergency Motion for Order Regarding Cooperation with Pending Sale (Dkt. No. 886).

Movant files this Response promptly because the Government's Emergency Motion creates the impression that Defendant and his wife, **Meisy Zamora**, are refusing to cooperate with the pending Mexican real-estate transaction.

**They are not.**

The immediate dispute is much narrower.

The proposed purchase agreement was transmitted by email on **August 14, 2026**. Because the transaction concerns valuable real property located in Puerto Vallarta, Mexico; because Mexican legal formalities govern significant aspects of the transaction; because the agreement contains

substantial financial terms, commissions, expenses, tax consequences, and contractual obligations; and because two previous attempted sales involving the same property did not close, Mrs. Zamora promptly submitted the new agreement to her **Mexican attorney for legal review.**

As of August 24, 2026, that review is continuing.

Mrs. Zamora has not rejected the offer.

She has not instructed Mexican counsel to obstruct the sale.

She has not refused to execute an agreement determined by her Mexican attorney to be lawful and appropriate.

She is doing precisely what a reasonable property owner confronted with a multimillion-dollar Mexican real-estate transaction would ordinarily do: **obtaining independent Mexican legal advice before executing a binding document.**

The Government itself acknowledges in its Motion that Mrs. Zamora informed the Receiver that she had submitted the agreement to her Mexican lawyer for review because she had the right to consult an attorney.

The Court should not transform approximately ten days of legitimate foreign-law review into a finding of obstruction or bad faith.

## I. THE AUGUST 14–24 CHRONOLOGY

The chronology is straightforward and is confirmed by the attached Declaration of Meisy Zamora.

**August 14, 2026**

On or about **August 14, 2026**, the current proposed purchase agreement concerning Penthouse E-16-01 at the Shangri-La Condominium in Puerto Vallarta was transmitted electronically for Mrs. Zamora's signature.

Mrs. Zamora did not reject the agreement.

Instead, because the property and transaction are in Mexico, she submitted the agreement to her Mexican attorney for review.

**August 15–23, 2026**

During the following days, the agreement remained under review by Mexican counsel.

This review is particularly important because this is not the first attempted transaction involving this property.

The same prospective purchasers previously made offers of approximately **$2,600,000**, and two prior purchase agreements exist concerning attempted sales.

Those agreements and their relevant contractual provisions are attached as Exhibits B and C.

The prior agreements contain substantial provisions concerning consequences associated with failure to complete the transactions. Because those transactions did not close, Mexican counsel must evaluate the history of those agreements and any possible consequences before Mrs. Zamora executes another agreement involving the same property and purchasers.

**August 24, 2026**

On August 24, the Government filed its Emergency Motion and characterized the period of attorney review as apparent delay.

But approximately ten days elapsed between transmission of the proposed agreement on August 14 and the Government's August 24 filing.

There has been no refusal.

There has been an attorney review.

## II. THE GOVERNMENT'S OWN MOTION CONFIRMS THAT A PRIOR SALE FAILED THROUGH NO FAULT OF THE ZAMORAS

The Government's Emergency Motion contains an especially significant admission.

The Government describes the attempted May 4, 2026 closing and expressly acknowledges that:

**"This time when the sale fell through, it was not the fault of the Zamoras."**

The Government explains that the Mexican bank trustee institution delayed processing, initially indicated that the trust deed was being approved, and subsequently refused approval. The buyers then demanded return of their deposit and declined to proceed on the same terms.

That history is important.

The Government's present characterization of Mrs. Zamora as apparently "delaying" should not be considered without the undisputed history that a major prior transaction failed because of circumstances the Government itself concedes were **not the Zamoras' fault.**

That experience provides an additional legitimate reason for careful Mexican legal review before another agreement is signed.

## III. THE CURRENT OFFER IS MATERIALLY DIFFERENT FROM THE PRIOR OFFERS

The Government's sealed Exhibit A identifies the present offer as **$2,240,000** and estimates net proceeds exceeding approximately **$1.35 million** after commissions, expenses, and more than $500,000 in Mexican capital-gains taxes.

The prior offers were approximately **$2,600,000.**

The difference in gross purchase price is therefore approximately:

**$2,600,000 – $2,240,000 = $360,000.**

That alone is a substantial economic difference requiring professional review.

Moreover, the Government's own Exhibit A shows that approximately **$890,000** may separate the gross $2.24 million price from the anticipated $1.35 million-plus net proceeds because of taxes, commissions, and expenses.

Movant does not presently contend that those deductions are improper.

Rather, the magnitude of those deductions demonstrates why independent Mexican legal review is reasonable before a co-owner signs the proposed transaction.

## IV. THE PRIOR AGREEMENTS PROVIDE AN ADDITIONAL REASON FOR COUNSEL REVIEW

Attached as Exhibits B and C are the two prior agreements concerning attempted purchases of the property.

Movant respectfully directs the Court to the highlighted contractual provisions concerning penalties, default, damages, deposits, or other consequences associated with nonperformance.

Movant is not asking this Court, through this Response, to adjudicate the ultimate enforceability of those provisions under Mexican law.

That is precisely one of the matters for which Mexican counsel's review is necessary.

The point is narrower:

**After two unsuccessful transactions involving substantial contractual provisions and a prior closing that the Government itself acknowledges failed through no fault of the Zamoras, obtaining Mexican legal advice before signing a third agreement is reasonable conduct—not obstruction.**

## V. THE GOVERNMENT AND RECEIVER DO NOT THEMSELVES HOLD TITLE TO THE MEXICAN PROPERTIES

The Government's Motion acknowledges:

> "Because neither the United States nor the Receiver holds title to the Mexican properties, accepting offers and selling the Mexican properties initially required the signatures of both the Defendant and his wife, Meisy Zamora."

The Government further represents that powers of attorney were subsequently arranged permitting Mrs. Zamora to sign for herself and Defendant concerning the condominium units.

Those circumstances reinforce rather than eliminate the need for careful legal advice.

Mrs. Zamora is being asked potentially to execute documents **both in her own capacity and pursuant to a power of attorney for Defendant.**

Independent review by an attorney knowledgeable about Mexican real-estate law is therefore especially appropriate.

## VI. DEFENDANT DOES NOT CONTEND THAT THE PENDING STAY MOTION ALREADY STAYS THE SALE

Defendant previously filed his Emergency Motion to Preserve Status Quo and Stay Sale, Transfer, or Disposition of Any Remaining United States or Overseas Real Property (Dkt. No. 880).

Defendant recognizes that the motion remains pending and that the Court has **not yet entered a stay.**

Indeed, the Government's proposed order expressly states that the stay motion is pending and "has not been granted."

Accordingly, Defendant is **not relying upon the pendency of Dkt. No. 880 as authorization to disobey an existing Court order.**

Defendant nevertheless respectfully preserves every argument raised in Dkt. No. 880 concerning property rights, the May 2025 agreement, the receivership, the pending § 2255 constitutional claims, and the appropriate disposition of domestic and foreign property.

Nothing in this Response should be construed as abandoning, waiving, or withdrawing Dkt. No. 880.

## VII. THE COURT SHOULD DISTINGUISH "COOPERATION" FROM IMMEDIATE EXECUTION WITHOUT REASONABLE COUNSEL REVIEW

The May 21, 2025 Agreed Order states that Defendant and Mrs. Zamora shall cooperate with the Receiver and sign documents requested by the Receiver to facilitate sale of the Mexican properties. The Government quotes that language in its Motion.

Defendant understands the Court's order and does not ask for permission to disregard it.

The issue is whether "cooperate" means that Mrs. Zamora must immediately execute every proposed multimillion-dollar Mexican contract presented to her **before her Mexican attorney has completed reviewing it.**

Defendant respectfully submits that it should not.

Reasonable attorney review is consistent with good-faith cooperation.

Indeed, Mrs. Zamora's conduct demonstrates cooperation: she did not reject the offer; she transmitted it to Mexican counsel; she is awaiting counsel's advice; and she intends to respond promptly following that advice.

## VIII. THE GOVERNMENT'S PROPOSED ORDER IS BROADER THAN NECESSARY

The Government's proposed order would require Defendant and Mrs. Zamora to cooperate with the sale, including:

> "promptly accepting purchase offers when directed by the Receiver and the United States."

Defendant respectfully submits that this language is unnecessarily broad.

There is an important distinction between requiring parties to **cooperate with an authorized receivership** and compelling them to **accept a particular purchase offer immediately upon direction from the Receiver or prosecution**, irrespective of independent legal review of the contract's terms.

That distinction is particularly important here because:

- the property is located in Mexico;
- the proposed transaction is governed in material respects by Mexican law;
- Mrs. Zamora has an ownership interest;
- she may execute documents both personally and through a power of attorney;
- prior transactions did not close;

- the present offer is approximately $360,000 below the prior $2.6 million offers;
- the present transaction involves substantial commissions, expenses, and Mexican taxes;
- and Mexican counsel is actively reviewing the proposed agreement.

The Court can preserve the Receiver's legitimate authority without eliminating reasonable attorney review.

## IX. DEFENDANT PROPOSES A PRACTICAL RESOLUTION

Rather than treating this situation as a confrontation between the parties, Defendant respectfully proposes a narrow resolution.

Defendant and Mrs. Zamora will continue cooperating with the Receiver.

Mrs. Zamora will promptly communicate with her Mexican attorney and request completion of the review.

Defendant respectfully requests that the Court allow **seven additional calendar days**, or such other short period as the Court considers reasonable, for Mexican counsel to complete review and for Mrs. Zamora to communicate her position regarding the agreement.

This resolution protects everyone:

It protects the Receiver's ability to pursue the transaction.

It protects the Government's asserted restitution interest.

It protects the prospective buyers from unnecessary uncertainty.

And it permits Mrs. Zamora to obtain meaningful Mexican legal advice before signing a multimillion-dollar agreement.

## X. REQUEST FOR RELIEF

WHEREFORE, Defendant/Movant Jorge Zamora-Quezada respectfully requests that the Court:

**1. DENY** the United States' Emergency Motion to the extent it seeks a finding that Defendant or Mrs. Zamora has refused to cooperate or acted in bad faith;

**2. DECLINE** to enter the Government's proposed order in its present form, particularly the provision compelling Defendant and Mrs. Zamora to "promptly accept[] purchase offers when directed by the Receiver and the United States";

**3. ALLOW** Mrs. Zamora a short and defined period of **seven additional calendar days**, or such period as the Court determines reasonable, for her Mexican attorney to complete review of the August 14, 2026 proposed purchase agreement;

**4. ORDER**, if the Court considers an order necessary, that Defendant and Mrs. Zamora continue cooperating in good faith with the Receiver while retaining a reasonable opportunity for independent Mexican counsel to review transactional documents before execution;

**5. TAKE NOTICE** that Defendant's Emergency Motion to Preserve Status Quo and Stay Sale (Dkt. No. 880) remains pending and that Defendant preserves, without waiver, the constitutional and property-rights arguments raised therein;

**6. CONSIDER** the attached Declaration of Meisy Zamora and Exhibits A through C concerning the current and prior proposed transactions; and

**7. GRANT** such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**JORGE ZAMORA-QUEZADA**
Defendant/Movant, Pro Se

2330 Red River Drive
Mission, Texas 78572
Telephone: (956) 672-9359

Date: in the 25th of August, 2026

## DECLARATION OF MEISY ZAMORA

## IN SUPPORT OF DEFENDANT/MOVANT'S EXPEDITED RESPONSE

I, **Meisy Zamora**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Meisy Zamora. I am over eighteen years of age, competent to make this declaration, and have personal knowledge of the facts stated herein.
2. I am the wife of Defendant Jorge Zamora-Quezada and have an ownership interest in the Mexican properties involved in the pending receivership proceedings.
3. I make this Declaration solely to explain the circumstances surrounding the current proposed purchase agreement for Penthouse E-16-01 at the Shangri-La Condominium in Puerto Vallarta, Mexico.
4. On or about **August 14, 2026,** I received by email/electronic transmission a proposed purchase agreement concerning Penthouse E-16-01.
5. I did not reject the proposed agreement.
6. Because the property is located in Mexico and because the proposed agreement concerns a multimillion-dollar Mexican real-estate transaction, I sent or provided the agreement to my **Mexican attorney for legal review.**
7. My Mexican attorney is reviewing the proposed agreement and advising me concerning its legal and financial consequences under Mexican law.
8. As of **August 24, 2026,** that review has not been completed.
9. I have not instructed my Mexican attorney to delay the transaction.
10. I have not instructed anyone to interfere with or prevent a lawful sale.
11. My purpose in obtaining Mexican legal advice is to understand the agreement before signing it and to ensure that my actions comply with Mexican law and do not unnecessarily expose my husband or me to additional contractual liability.
12. This legal review is particularly important to me because there have already been **two prior proposed purchase transactions involving this property and purchasers offering approximately $2,600,000.**
13. Those previous agreements contained substantial provisions concerning contractual consequences associated with failure to complete the transactions.

14. Those prior transactions did not ultimately close.
15. I therefore believe it is prudent to have my Mexican attorney review the current agreement and the prior agreements before I execute another contract concerning the same property.
16. I understand that the current proposed purchase price is approximately **$2,240,000**, which is lower than the approximately $2,600,000 price involved in the prior transactions.
17. I also understand from the Government's filing that substantial commissions, expenses, and Mexican taxes are expected to be deducted from the purchase price.
18. I want my Mexican attorney to understand and explain those matters before I sign the proposed agreement.
19. My decision to consult Mexican counsel is **not a refusal to cooperate with the Receiver or the United States.**
20. I intend to continue cooperating in good faith while receiving appropriate legal advice concerning documents I am requested to execute.
21. I have asked, or will immediately ask, my Mexican attorney to complete the review as promptly as reasonably possible.
22. Upon receiving my attorney's advice, I intend promptly to communicate concerning the proposed transaction and take the action that I am legally advised is appropriate.
23. I respectfully request that the Court not interpret the period from **August 14 through August 24, 2026**, during which the agreement has been undergoing legal review, as an intentional delay or refusal to cooperate.
24. I further respectfully request a short, reasonable opportunity for my Mexican attorney to complete that review before I am required to execute the proposed agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 25th of August, 2026,

**MEISY ZAMORA**

**CERTIFICATE OF SERVICE**

I certify that in the 25th of August, 2026, a true and correct copy of the foregoing Defendant/Movant's Expedited Response in Opposition to United States' Opposed Emergency Motion for Order Regarding Cooperation with Pending Sale, together with the attached Declaration and exhibits, was served upon counsel for the United States,

**United States Attorney's Office**
Southern District of Texas
McAllen Division
1701 West Business Highway 83, Suite 600
McAllen, Texas 78501

**JORGE C. ZAMORA-QUEZADA**
Movant, Pro Se

**EXHIBIT LIST**

**Exhibit A — Current August 14, 2026 Proposed Purchase Agreement for Penthouse E-16-01.**

**Exhibit B — First Prior $2,600,000 Purchase Agreement.**

Highlighted: purchase price and exact penalty/default provision.

**Exhibit C — Second Prior $2,600,000 Purchase Agreement.**

Highlighted: the purchase price and exact penalty/default provision.