IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

McALLEN DIVISION

UNITED STATES OF AMERICA

v. Case No. 7:18-CR-0855-S (1)

JORGE ZAMORA-QUEZADA,
Defendant.

**ORDER**

Before the Court is the United States' Opposed Emergency Motion for Order Regarding Cooperation with Pending Sale (Dkt. No. 886), Defendant/Movant Jorge Zamora-Quezada's Expedited Response in Opposition, the Declaration of Meisy Zamora, and the exhibits submitted in connection therewith.

Having considered the parties' submissions, the existing orders of the Court, and the circumstances surrounding the proposed sale of Penthouse E-16-01 at the Shangri-La Condominium in Puerto Vallarta, Mexico, the Court enters the following Order.

**IT IS HEREBY ORDERED:**

**1. Continued Cooperation.** Defendant Jorge Zamora-Quezada and Meisy Zamora shall continue to cooperate in good faith with the Court-appointed Receiver and the United States concerning the proposed sale of Penthouse E-16-01 and other property subject to existing orders of this Court.

**2. Mexican Counsel Review.** The Court recognizes that the proposed transaction concerns real property located in Mexico and that Meisy Zamora has submitted the proposed purchase agreement received on or about **August 14, 2026**, to Mexican counsel for review.

The consultation with and review by Mexican counsel, standing alone, shall **not constitute a refusal to cooperate, obstruction, or intentional delay**, provided that such review is pursued diligently and in good faith.

**3. Reasonable Period to Complete Review.** Meisy Zamora shall have **seven (7) additional calendar days from the entry of this Order**, to obtain and consider the advice of Mexican counsel concerning the proposed agreement and to communicate her position promptly thereafter to the Receiver and counsel for the United States.

**4. No Intentional Impairment of Property During Review.** During this review period, Defendant and Meisy Zamora shall not sell, transfer, encumber, conceal, lease, materially alter, or otherwise intentionally impair the property or interfere with the Receiver's ability to preserve the proposed transaction, except as authorized by further order of this Court.

**5. Prior Transactions May Be Reviewed.** Mexican counsel may consider the two prior proposed transactions involving the property, including the prior agreements, their default or penalty provisions, their failure to close, and any potential legal consequences arising therefrom, together with the current proposed purchase agreement.

Nothing in this paragraph constitutes a finding by this Court concerning the validity, enforceability, amount, or effect of any such contractual provision under Mexican law.

**6. Current Transaction Terms.** The parties shall provide Mexican counsel, to the extent not already provided, the operative proposed purchase agreement and documents reasonably necessary to evaluate the material terms of the proposed transaction, including the proposed purchase price, commissions, material fees and expenses, anticipated Mexican taxes, and material closing requirements.

**7. No Automatic Acceptance of an Offer.** Nothing in this Order shall be construed as requiring Defendant or Meisy Zamora to accept a particular purchase offer **solely upon the direction of the Receiver or the United States without a reasonable opportunity for review of the operative transaction documents**, subject at all times to existing lawful orders of this Court and the parties' continuing duty to cooperate in good faith.

**8. Prompt Response Following Counsel Review.** Upon completion of Mexican counsel's review, Meisy Zamora shall promptly communicate through appropriate channels whether she is prepared to execute the proposed agreement or, if Mexican counsel identifies a specific legal impediment or material contractual concern, shall promptly communicate the nature of that concern to the Receiver and counsel for the United States.

Nothing in this paragraph authorizes indefinite delay or refusal to comply with an existing order of this Court.

**9. No Present Finding of Bad Faith or Non-Cooperation.** On the present record, the Court makes **no finding that the period from August 14, 2026 through the date of this Order, during which the proposed agreement has been submitted for review by Mexican counsel, constitutes bad faith, obstruction, contempt, or refusal to cooperate.**

**10. Prior Failed Transaction.** For purposes of the present procedural dispute only, the Court notes the United States' representation in its Emergency Motion that a previous proposed sale failed through circumstances that the Government states were **"not the fault of the Zamoras."**

Nothing in this paragraph determines liability arising from any prior transaction.

**11. Pending Motion to Stay.** Defendant's Emergency Motion to Preserve Status Quo and Stay Sale, Transfer, or Disposition of Any Remaining United States or Overseas Real Property (Dkt. No. 880) remains pending unless otherwise disposed of by separate order.

Nothing in this Order grants Dkt. No. 880 or creates a stay beyond the express provisions of this Order.

**12. Preservation of Claims and Defenses.** Nothing in this Order shall constitute a waiver, adjudication, or determination of:

(a) Defendant's pending claims under 28 U.S.C. § 2255;

(b) the validity, scope, voluntariness, or enforceability of the May 2025 agreement or related orders;

(c) any ownership or property interest asserted by Meisy Zamora;

(d) any issue of Mexican property, contract, trust, notarial, tax, or other Mexican law;

(e) the validity or enforceability of provisions contained in the two prior purchase agreements;

(f) Defendant's pending Motion to Stay;

Or

(g) any other claim or defense properly preserved by any party.

**13. Good-Faith Communication.** During the review period, the Receiver, the United States, Defendant, and Meisy Zamora are directed to communicate reasonably and in good faith for the limited purpose of determining whether the proposed transaction can proceed lawfully and efficiently after completion of Mexican counsel's review.

The United States' Opposed Emergency Motion for Order Regarding Cooperation with Pending Sale (Dkt. No. 886) is therefore **GRANTED IN PART and DENIED IN PART** consistent with the terms of this Order.

The parties shall continue cooperating with the pending sale process, while Meisy Zamora shall be afforded the limited and reasonable opportunity described above to complete review by Mexican counsel before executing the proposed purchase agreement.

**SIGNED this ____ day of _______________ 2026, at McAllen, Texas.**

_________________________________

**HON. RANDY CRANE**
**UNITED STATES DISTRICT JUDGE**