United States District Court
Southern District of Texas
FILED

NOV 05 2026

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
November 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JORGE C. ZAMORA-QUEZADA,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 7:26-CV-0302** |
| | § | **CRIM. NO. 7:18-CR-0855-1** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION

This report and recommendation is being issued contemporaneously with a report and recommendation for the dismissal of Movant JORGE C. ZAMORA-QUEZADA's *Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255* (the "Section 2255 Motion") (Civ. Dkt. No. 1; Cr. Dkt. No. 875).[1] For reasons detailed in the contemporaneous report, the Section 2255 Motion is untimely with respect to the applicable one-year limitations period, and Movant otherwise fails to show he is entitled to equitable tolling. Addressed here are recommended dispositions over several filings implicated by or related to the contemporaneous report, specifically, the following: (i) a *Motion for Acceptance of § 2255 Filing and Request for Nunc Pro Tunc Filing* (the "Motion for Acceptance") (Civ. Dkt. No. 2; Cr. Dkt. No. 876) filed by Movant; (ii) an amendment to the Section 2255 Motion (the "Amendment") (Civ. Dkt. No. 5; Cr. Dkt. No. 878); (iii) a *Motion for Leave to File a Second Amendment* (the "Motion to Amend") (Civ. Dkt. No. 6; Cr. Dkt. No. 879) to the Section 2255 Motion; and (iv) the Government's *Motion to Dismiss* (the "Motion to Dismiss") (Civ. Dkt. No. 13; Cr. Dkt. No. 891) as to the Amendment.

[1] Unless otherwise noted, citations to specific pages in the record refer to the pagination of docket entries in the case management/electronic case-file (CM/ECF) system. As used here, "Civ. Dkt." is a citation to Civil Action No. 7:26-CV-0302, and "Cr. Dkt." is a citation to Criminal Action No. 7:18-CR-0855-1.

# I. ANALYSIS

## A. Motion for Acceptance

Through the Motion for Acceptance, Movant requests that the Section 2255 be deemed "filed" for purposes of the applicable limitations period as of the date on which a prior § 2255 filing was inadvertently mailed by a paralegal on his behalf to the local U.S. Attorney's Office. (*See* Civ. Dkt. No. 2). If that motion were deemed "filed" as of the date in question, Movant's request for collateral review would be timely. In support, Movant cites to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, which provides that "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]" Movant also cites case law, like *Houston v. Lack*, 487 U.S. 266 (1988), for the proposition that the date of mailing controls when a motion for collateral review is deemed filed.

That said, Rule 5(b) concerns the "service" of papers on other parties, whereas the "filing" of papers with the clerk of court is controlled by Rule 5(d). As explained through the contemporaneous report, in this case, the § 2255 filing mailed to the U.S. Attorney's Office was never received by the clerk, and the Section 2255 Motion was not properly filed until it was hand-delivered to the clerk by Movant—after the limitations period had expired. The contemporaneous report also explains why Movant would not be entitled to the benefit of the "prison mailbox rule" as contemplated by *Houston* and its progeny. In short Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") makes clear that an inmate's motion for collateral review will not be deemed filed as of the date of mailing where the inmate, as Movant did here, opts not to use their institution's internal mailing system.

As such, the Motion for Acceptance is without merit.

**B. Amendment of Pleadings and Motion to Dismiss**

By way of background, again, Movant filed the Section 2255 Motion via hand-delivery on July 1, 2026, that is, past the end of the limitations period. (*See* Civ. Dkt. No. 1). On or around July 28th, while the Government's response to the Section 2255 Motion was still pending, Movant filed the Amendment. (Civ. Dkt. No. 5). As explained in the contemporaneous report, through the Amendment, Movant sought to incorporate a financial report authored by a defense expert in support of his claims for collateral review. On August 19th, Movant filed the Motion to Amend (Civ. Dkt. No. 6), seeking thereby "to consolidate, clarify, particularize, and support [his] existing constitutional claims with evidence developed or more fully understood after the earlier [pleadings]" (*id.* at 1). The Government then filed the Motion to Dismiss. (Civ. Dkt. No. 13). The Government generally argues that the Amendment, like the Section 2255 Motion, should be denied as untimely, and that the Motion to Amend should be denied as futile. (*Id.* at 4-5).

The Federal Rules of Civil Procedure apply to § 2255 proceedings. *See* Fed. R. Civ. P. 81(a)(4); *see also* Rule 12, Section 2255 Rules. This includes Rule 15 governing the amendment of pleadings. *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). Under Rule 15(a), a party may generally amend their pleadings once, as a matter of course, the earlier of 21 days after service of their pleadings or 21 days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party a must seek the court's leave to amend. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) "evinces a bias in favor of granting leave to amend." *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). Leave to amend should not be denied unless there is a "substantial reason" to do so. *Id.* at 598. One such reason is where the amendment would be futile. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). An amendment is futile where the applicable statute of limitations has expired. *Pruitt v. Invacare*

*Corp.*, 2014 WL 5465342, at *3 (S.D. Miss. Oct. 28, 2014); *see also Lewis v. United States*, 2020 WL 5225681, at *4 (E.D. Tex. June 11, 2020), *report and recommendation adopted*, 2020 WL 5203553 (E.D. Tex. Aug. 31, 2020).

For reference, a federal prisoner must typically file a § 2255 motion one year from the date on which their conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). A movant may overcome limitations-based futility only where the proposed amendment "relates back" to the date of the original § 2255 motion under Rule 15(c). *See United States v. Gonzalez*, 592 F.3d 675, 679-80 (5th Cir. 2009) (per curiam). Rule 15(c) provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction or occurrence set out . . . in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

Here, the Amendment and the Motion to Amend are subject to denial because amendments cannot relate back to an untimely original pleading, and the Section 2255 Motion is itself untimely. *See Smith v. Salon*, 2020 WL 1429939, at *3-4 (D.D.C. Mar. 24, 2020) (collecting cases); *see also Greenman v. United States*, 2019 WL 2569621, at *3 (E.D. Tenn. June 21, 2019) ("Because [movant's] initial motion was untimely, his addendum is necessarily also untimely."); *United States v. Jeter*, 2018 WL 3381318, at *3 (D.S.C. May 2, 2018) (concluding that § 2255 motion was untimely and denying motion to amend as futile "[b]ecause an amended pleading cannot remedy the untimeliness" of an original pleading).

## II. CONCLUSION

### *Recommendation*

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After reviewing the record and relevant law, the Magistrate Judge

RECOMMENDS that the Motion for Acceptance (Civ. Dkt. No. 2; Cr. Dkt. No. 876) be DENIED, that the Motion to Dismiss (Civ. Dkt. No. 13; Cr. Dkt. No. 891) be GRANTED, that the Amendment (Civ. Dkt. No. 5; Cr. Dkt. No. 878) be DENIED, and that the Motion to Amend (Civ. Dkt. No. 6; Cr. Dkt. No. 879) be DENIED. The Magistrate Judge also RECOMMENDS that a Certificate of Appealability be DENIED.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA"). A movant may not appeal the final order of a collateral proceeding "unless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1). Rule 11 of the Section 2255 Rules instructs that the court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A movant is entitled to a COA upon showing that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Having concluded that Movant fails to meet this threshold, the Magistrate Judge RECOMMENDS that the District Judge deny a COA.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Judge on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Judge, except on grounds of clear error or manifest injustice.

***Directive to Clerk of Court***

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 5th day of November 2026.

J. SCOTT HACKER
United States Magistrate Judge