United States District Court
Southern District of Texas
FILED

NOV 05 2026

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
November 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JORGE C. ZAMORA-QUEZADA,** | § | |
| **Movant,** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 7:26-CV-0302** |
| | § | **CRIM. NO. 7:18-CR-0855-1** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

This order is being issued contemporaneously with a report and recommendation for the dismissal of Movant JORGE C. ZAMORA-QUEZADA's *Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255* (the "Section 2255 Motion") (Civ. Dkt. No. 1; Cr. Dkt. No. 875).[1] Addressed here are two ancillary motions raised by Movant, a *Motion for Discovery* (Civ. Dkt. No. 8; Cr. Dkt. No. 881), and a *Motion for Evidentiary Hearing* (Civ. Dkt. No. 9; Cr. Dkt. No. 882). The motions are without merit.

This determination is controlled by the Rules Governing Section 2255 Proceedings for the United States District Courts, specifically, Rule 6(a), Discovery, and Rule 8(c), Evidentiary Hearing. Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 8(a) provides that "[i]f the [§ 2255] motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."

[1] Unless otherwise noted, citations to specific pages in the record refer to the pagination of docket entries in the case management/electronic case-file (CM/ECF) system. As used here, "Civ. Dkt." is a citation to Civil Action No. 7:26-CV-0302, and "Cr. Dkt." is a citation to Criminal Action No. 7:18-CR-0855-1.

As detailed in the report, even assuming Movant's factual allegations to be true, the Section 2255 Motion is untimely with respect the applicable one-year limitations period, and Movant otherwise fails to show that he is entitled to equitable tolling. Insofar as the Section 2255 Motion is subject to dismissal on procedural grounds, there is no good cause to allow discovery over the merits. Moreover, because the Magistrate Judge assumed the verity of Movant's factual allegations in concluding that the Section 2255 Motion should be denied as untimely, an evidentiary hearing is unwarranted whether with respect to the limitations issue or the merits.

Accordingly, the Motion for Discovery (Civ. Dkt. No. 8; Cr. Dkt. No. 881) and the Motion for Evidentiary Hearing (Civ. Dkt. No. 9; Cr. Dkt. No. 882) are hereby DENIED.

***Directive to Clerk of Court***

The Clerk of Court is DIRECTED to forward a copy of this order to the parties by any receipted means.

IT IS SO ORDERED.

DONE at McAllen, Texas this 5th day of November 2026.

J. SCOTT HACKER
United States Magistrate Judge